any liability she may have incurred by reason of her employment of the attorney. No costs should have been allowed in the order as they were not asked for in the notice of motion.

Order reversed, without costs.

SMITH, P. J., and BARKER, J., concurred.

## SUPREME COURT.

### LUELLA CHASE agt. JOHN C. CHASE.

*Husband and wife — Attorney — When and how attorney for wife in action against her husband may, after settlement, compel the husband to pay him for services rendered the wife in the action — Practice.*

An attorney for a wife, in an action against her husband, can, by order of the court in the action after settlement by the parties, compel the husband to pay him for services rendered to the wife up to the time of such settlement.

*Syracuse Special Term, June,* 1883.

AFTER the decision by the general term in this case (*see ante,* 306) the attorney for the wife, upon the following papers, gave notice of motion as follows :

To A. C. WOODRUFF, Esq., *attorney for the above named defendant, and to* LUELLA CHASE, *plaintiff, and* JOHN C. CHASE, *defendant :*

Please take notice that upon the affidavit of Melissa Finch, Jane M. Downs, John C. Chase and Michael H. Powers, with copies whereof you are herewith served, and upon the pleadings and all the proceedings herein, a motion will be made at a special term of this court, appointed to be held at the court-house in the city of Syracuse on the 2d day of June, 1883, at the opening of court on that day, or as soon thereafter as counsel can be heard, for a rule or order of this court requiring the defendant John C. Chase to pay said M. H. Powers

Chase agt. Chase.

a reasonable compensation for such services as he has rendered to the plaintiff in this action as set out in the affidavit of said M. H. Powers, together with the costs of this motion.

This motion is made by said M. H. Powers in his own behalf and interest and with a view to enforce his own rights.

Yours, &c.,

M. H. POWERS.

OLNEY & POWERS,
    *Attorneys for M. H. Powers.*

ONEIDA COUNTY, *ss..*:

Michael H. Powers, being duly sworn, says that he is an attorney and counselor-at-law, and is and has been for the last two years past engaged in the practice of his profession at Florence, Oneida county, New York; that the parties to this action are husband and wife, and have been thus related since the 1st day of February, 1881, since which time they have resided within the county of Oneida; that on or about the 13th day of September, 1882, he was retained by the plaintiff, who is the wife of defendant, to commence an action as above entitled in her behalf against the defendant, who is her husband, for a separation from her said husband on the ground of his cruel and inhuman treatment towards her; that deponent made a careful investigation of the relations which then existed between the parties and became satisfied from the statements made to him by the plaintiff, her father and other parties, that the relations which existed between the parties were such as not only to justify but require the plaintiff, for her protection and support, to institute an action of this character against her said husband; that acting on the belief that the plaintiff had a good and meritorious cause of action for a separation from the defendant, and at the request of the plaintiff this deponent, as her attorney, instituted an action as above entitled on the 15th day of September, 1882, by the service of the summons and complaint herein upon the defendant; that the defendant appeared by A. C. Woodruff, Esq., as his

attorney, and served an answer herein upon deponent on the 29th day of September, 1882; that on the 14th day of October, 1882, deponent procured the affidavits of Jane M. Downs and Melissa Finch, copies of which are hereto annexed, who reside at Florence aforesaid, on behalf of the said Luella Chase, to move for alimony and counsel fees herein *pendente lite ;* that thereafter and on the 15th day of October, 1882, the said plaintiff returned to the bed and board of the defendant and abandoned her said action against him for a separation, and has since then lived and cohabited with the defendant as his wife. Deponent thereafter, and at a special term of this court, moved on behalf of the plaintiff, upon notice to the defendant, for an allowance for his services in behalf of the plaintiff out of the husband's estate. At a special term of this court held at Utica, New York, on the 24th day of October, 1882, at which Hon. IRVING G. VANN presided, an order was made by said justice at said term allowing the plaintiff's attorney twenty-five dollars for such services as he had rendered in the action to the said plaintiff prior to that time, and ten dollars costs of motion. Which order provided that the same should be paid by the husband ; that an appeal was taken from said order to the general term of the fourth department, where it was reversed by said general term upon the ground, among others, that said motion should not have been made in the name and in behalf of the wife; that deponent procured Olney & Powers to act as his counsel herein, and make printed points and argue said appeal at the general term ; that the services deponent had rendered to the plaintiff in the action prior to the time said appeal was taken were worth the sum of thirty dollars; that the services of deponent and his counsel in arguing the appeal from said order were worth the sum of thirty dollars ; that the disbursements incurred by deponent in this action amount in all to the sum of six dollars and sixty cents, and no part of same has ever been paid ; that deponent has acted in entire good faith as the attorney for the plaintiff; that the plaintiff has no separate

Chase agt. Chase.

property, nor any means whatever, of paying deponent for the services he performed, and procured to be performed, for her in the premises; that as deponent is informed and believes the defendant is worth the sum of $1,000, and has a trade out of which he realizes $400 per year; that since said 15th day of October, 1882, the plaintiff and defendant have cohabited together as husband and wife, but that up to the 15th day of October, 1882, deponent verily believes that the plaintiff acted in good faith and with honest intentions in bringing and prosecuting this action. Deponent further says that the defendant, as appears by an affidavit made by him before E. C. Woodruff, a notary public, October 23, 1882, well knew at the time his wife returned to his bed and board as aforesaid that this deponent had not been paid for the services he had rendered to the plaintiff herein; that no discontinuance of the action has been signed by the parties or their attorneys, and that the same is now pending and undetermined.

MICHAEL H. POWERS.

Subscribed and sworn to before }
    me, May 19, 1883.              }

T. C. Evans,<br>
<em>Justice of the Peace.</em>

Oneida County, <em>ss.:</em>

Jane M. Downs, of the village of Florence, in said county, being duly sworn, deposes and says that she is well acquainted with, and has since the marriage of the above named plaintiff and defendant lived and resided near them in the village of Florence aforesaid; that deponent has frequently heard defendant use hard, angry and threatening words to plaintiff since their residence near her as aforesaid; that on the 7th day of July, 1882, and when the infant child of plaintiff and defendant was only two weeks and four days old, deponent saw defendant push plaintiff out the front wing door of their, plaintiff's and defendant's, house in Florence village aforesaid,

and heard defendant tell the said plaintiff (his wife) to leave their said house, and if she did leave it she never should come back. Deponent further swears: I then went over to their house and talked with defendant and tried to have him let the said plaintiff come back and to pacify him as it was raining and not fit for plaintiff to be out. Defendant then told deponent he could not live with her, plaintiff, and that he would not live with her. Deponent further says that the plaintiff was compelled to leave her said house and go up to her father's (B. A. Renfield's) house in the rain; that the said defendant was intoxicated at the time and seemed to be greatly angered and enraged.

JANE M. DOWNS.

Sworn to before me on this 14th }
    day of October, 1882.   }

D. G. GRAVES,<br>
*Notary Public in and for said county.*

ONEIDA COUNTY, *ss.*:

Melissa Finch, of the village of Florence, in said county, being duly sworn, deposes and says that she is well acquainted with the said plaintiff and defendant above named; that deponent, in the year 1881, lived next house to the said plaintiff and defendant, in the village of Florence, and only two or three rods apart; that deponent well remembers the occasion referred to in plaintiff's complaint regarding the defendant's compelling the said plaintiff to undress by means of a knife; that the said plaintiff came to the house of deponent on the occasion mentioned in great haste and terribly frightened, saying: " He (meaning defendant) is crazy;" "he is crazy;" that plaintiff's clothing was off, although it was not bed time; that plaintiff was greatly afraid of defendant, and claimed that defendant threatened to use a knife upon her, " that he was thirsting for her blood," &c.; that plaintiff remained at the house of deponent all night through fear, as she claimed, of her life, because of the violence of her said

husband, the defendant herein; that the said defendant is at times very intemperate.

MELISSA FINCH.

Sworn to before me on this 14th
    day of October, 1882.

D. G. GRAVES,
*Notary Public in and for said county.*

ONEIDA COUNTY, *ss.*:

Michael H. Powers, being duly sworn, deposes and says that he is the attorney for the plaintiff in the above action; that the same is an action for a separation between the above named plaintiff and defendant, who are husband and wife; that deponent was retained by the plaintiff to bring said action after having fully explained the nature thereof to plaintiff in the hearing and presence of her father (B. A. Renfield); that on the 14th day of October, 1882, the said plaintiff requested the said deponent to go to different witnesses in the village of Florence for the purpose of obtaining their affidavits to be used on a motion for alimony and counsel fees herein; but that on the 15th day of October, 1882, the said plaintiff returned to the house of defendant, and as deponent is informed and believes with the intent of again living and cohabiting with the said defendant and as his wife, and with the intent, as deponent believes, of cheating and defrauding this deponent out of any pay for his services herein; and deponent is informed and he believes that the said plaintiff and defendant have colluded together with the like intent, to wit, to defraud this deponent out of pay for his services afore-said, deponent therefore prays that an order be made herein compelling the said defendant to pay him his counsel fees to date, and for such other order as to the court it may seem right to grant.

M. H. POWERS.

Sworn to before me on this 16th
    day of October, 1882.

T. C. EVANS, *Justice of the Peace.*

Chase agt. Chase.

ONEIDA COUNTY, ss. :

John C. Chase, being duly sworn, says he is the defendant in the above entitled action; that the said action was brought to obtain a decree of separation and for separate maintenance on the ground of alleged cruel and inhuman treatment. Deponent made answer to the complaint and duly verified the same, and a copy was served on the 29th day of September, 1882, in and by which said answer he denies all the material allegations of the complaint and avers, in substance, that the said plaintiff was induced to leave him and to commence this action through the influence of her father, and that after the commencement of this action, and before issue was joined therein, the said plaintiff had attempted to return to him but was prevented by her said father; that after the service of said answer, and on Sunday, the fifteenth instant, the plaintiff spoke to deponent on the street, in the village of Florence, and said she would like to return and live with him; that she acknowledged she had done wrong in leaving and promised that she would do as well as she could if she might return to deponent's house; that she came back to deponent's house voluntarily on said Sunday, and has since continued to reside with him as his wife; that said request was made voluntarily by the plaintiff, and such return was without any solicitation on the part of deponent, and deponent denies that there was any collusion between himself and the plaintiff to defraud the plaintiff's attorney out of the pay for his services in said action. The plaintiff has since asked deponent if he would pay Mr. Powers, her attorney, to which he replied that he would not voluntarily pay him anything. Deponent further says that no settlement of said action, except as hereinbefore stated, has been made, and no discontinuance thereof signed by the parties or their attorneys, and that the same is now pending and undetermined. Deponent further says that he has fully and fairly stated his case in this action to A. C. Woodruff, Esq., his attorney and counsel therein, who resides at Camden, Oneida county, New York, and that he has a

Chase agt. Chase.

good and substantial defense to said action upon the merits, as he is advised by his said counsel after such statement made as aforesaid, and verily believes.

JOHN C. CHASE.

Sworn to before me, this 23d }
    day of October, 1882. }

E. C. WOODRUFF,
*Notary Public.*

SUPREME COURT.

LUELLA CHASE
*against*
JOHN C. CHASE.
}

It is hereby stipulated that this action be and the same is hereby discontinued.

LUELLA CHASE.

Dated at FLORENCE, N. Y., this 10th day of May, 1883.

STATE OF NEW YORK, } *ss.:*
    ONEIDA COUNTY. }

On this 11th day of May, 1883, before me personally came Luella Chase, to me known to be the same person described in, and who executed the foregoing instrument, and she acknowledged that she executed the same.

CHESTER M. OSBORN,
*Justice of the Peace.*

*Joseph P. Olney* and *D. E. Powers,* for motion. The general term having decided nothing except that the plaintiff made the original motion after her return to her husband, the question is now before the court for the first time upon its merits, and the only vital question which in our judgment this motion involves is, whether the abandonment of the action by the wife, her attempted discontinuance of the same, has ousted the court of its jurisdiction of the cause. The complaint was

served and issue had been joined by the service of the defend-
ant's answer before the reconciliation of the parties took
place, and before the wife had attempted to stipulate a dis-
continuance, and as yet there is no final decree dismissing the
complaint or in any way making a final disposition of the cause.
Upon this condition of the cause we insist that the court has
not lost its jurisdiction (*Green* agt. *Green*, 40 *How. Pr.*, 465;
*Bishop on Marriage and Divorce* [vol. 2, 6th ed.], sec. 388;
*Bass* agt. *Bass, New York Monthly Law Bulletin* [vol. 5],
page 44; *Graves* agt. *Cole*, 7 *Harris* [*Penn.*], 171; *Brinkley*
agt. *Brinkley*, 50 *N. Y.*, 200; *Griffin* agt. *Griffin*, 47 *N. Y.*,
134). The *Green case* (40 *How.*, 465) was an action for a
separation brought by the wife against the husband for a sepa-
ration from her husband on the ground of cruel treatment,
and like the present cause was never tried. It was settled
during its pendency by the parties. The settlement was
brought about by the overtures of the wife. After the settle-
ment had been perfected the husband moved to dismiss the
complaint. The court refused to do so and awarded the wife's
attorney $750 for counsel fee, and held that it had jurisdiction
of the cause until after the entry of final decree. This case,
therefore, distinctly holds that the court has power to protect
and enforce the attorney's rights in an action of this character
until after the entry of final decree, notwithstanding a set-
tlement by the parties. It is founded upon that familiar
principle of equity which holds that where a court of equity
acquires jurisdiction of the parties and subject-matter of
the action it will retain that jurisdiction until justice is done
all the parties, and on those wholesome maxims which say
that the law hateth a multiplicity of suits and favoreth the
speeding of men's causes. To oust the court of its jurisdic-
tion two things must concur: the parties must settle, and
the settlement must be followed up by final decree dismissing
the cause. It was proper for the attorney to notice the motion
in his own name and serve the moving papers and notice upon
both parties (*Murry* agt. *Gilson*, 22 *Hun*, 386; *Goddard* agt.

*Trenbath*, 24 *Hun*, 182 ; *Rooney* agt. *Second Avenue R. R. Co.*, 18 *N. Y.*, 386 ; *Marshall* agt. *Murch*, 51 *N. Y.*, 140).

*Louis Marshall* and *A. C. Woodruff*, opposed.

Vann, *J.* — The motion is granted, with ten dollars costs, and the amount of compensation fixed at twenty-five dollars.

## N. Y. COMMON PLEAS.

The Concord Granite Company, plaintiff and respondent, agt. Hamline D. French, defendant and appellant.

*Costs — Effect of payment of note by indorser upon action brought against maker prior thereto — Code of Civil Procedure, sections 755, 756 — Action, when not to abate — Proceedings upon transfer of interest or devolution of liability.*

Where the indorser of a note paid it after an action had been commenced thereon against the maker:

*Held,* that such payment inured to the benefit of the indorser of the note, but did not furnish the maker with a defense thereon. By the payment the indorser acquired a cause of action against the defendant, and might have asked a substitution as plaintiff here; but the action did not abate, and, under the circumstances, was properly continued by the original plaintiff.

*General Term, June,* 1883.

*Before* Daly, *C. J.,* Van Brunt *and* Beach, *JJ.*

Appeal from an order made by the general term of the marine court, affirming a judgment rendered at the trial term thereof.

*L. B. Brunnell*, for appellant.

*C. Brainard*, for respondent.

Beach, *J.* — This action was properly brought against the defendant as maker of the note. Thereafter and before answer the sum due upon it was paid the plaintiff presum-